# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

ODIS TUCKER, VONNIE TUCKER,               )
BLAKE TUCKER and LAUREN TUCKER,           )
                                          )
    Plaintiffs,                           )
                                          )
v.                                        )        No. 05-1046-T/An
                                          )
STATE OF TENNESSEE, its political         )
subdivision, HARDIN COUNTY, and CITY      )
OF SAVANNAH POLICE DEPARTMENT,            )
                                          )
    Defendant.                            )

---

## ORDER GRANTING DEFENDANT STATE OF TENNESSEE'S MOTION TO DISMISS

---

The plaintiffs, Odis Tucker, Vonnie Tucker, Blake Tucker, and Lauren Tucker, filed this action pursuant to Title II of the Americans with Disability Act of 1990 (ADA), 42 U.S.C. § 12131 *et seq.*, against the State of Tennessee, its political subdivision, Hardin County, and the City of Savannah Police Department. Before the court is Defendant State of Tennessee's motion to dismiss. Plaintiffs have responded to the motion.

Plaintiffs allege that the Defendant State of Tennessee discriminated against them by failing to provide a sign language interpreter at a hearing before a general sessions judge. More specifically, plaintiffs contend that the Hardin County General Sessions Judge and the assistant district attorney for the State of Tennessee denied plaintiffs' request for accommodation in violation of the ADA. Plaintiffs seek to hold defendant liable for the actions of both the sessions

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on ___08-03-05___

judge and the assistant district attorney. Defendant contends that it is not responsible for the actions or inactions of the Hardin County General Sessions Court and that the sessions judge, not the assistant district attorney, had the responsibility to provide a sign language interpreter the plaintiffs' hearing.

The United States Supreme Court has outlined two guiding principles in determining whether a state or county is responsible for an official for the purpose of liability under 42 U.S.C. § 1983. First, a court should "ask whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue." McMillian v. Monroe County, Alabama, 520 U.S. 781, 785 (1997). Second, a court's "inquiry is dependent on an analysis of state law." Id. While the McMillian Court ultimately found an Alabama sheriff to be a state officer, it noted that its conclusion was based in Alabama law. Id. at 795. Thus, it would not be inconsistent for a sheriff or other official to be found a county officer in some states, but not others. Id. In coming to its conclusion, the McMillian Court investigated the applicable state constitutional provisions, the Alabama Supreme Court's interpretation of those provisions, and the Alabama Code. Id. at 789. Therefore, this court will look to Tennessee law in its analysis.

At first glance, a general sessions court appears to be a state court. It was created by the Tennessee legislature under the authority of Article VI, § 1 of the Tennessee Constitution, which allows the legislature to create state inferior courts. Tenn. Code Ann. § 16-15-201 (2005). Sessions judges take the same oath as circuit court judges and chancellors. Id. at § 16-15-203. Judges are trained at seminars established by the administrative director of the courts for the State. Id. at § 16-15-211.

2

However, a closer inspection of the Tennessee Code and Constitution reveals that counties are responsible for general sessions courts. The statute creating sessions courts establishes that, in the event of a vacancy, a new sessions judge is appointed by the county legislative body, not the state legislature. Tenn. Code Ann. § 16-15-210 (2005). This requirement reflects the constitutional provision that vacancies in county offices be filled by the county legislative body. Tenn. Const. art. VII, § 2. The code further requires that the county furnish general sessions judges with a courtroom and all necessary supplies or equipment. Id. at § 16-15-102. These expenses are taken from the county general fund, not state funds. Id. In addition, the county legislative body can designate up to three alternate venues besides the county seat where the general sessions court must meet. Id. at § 16-15-103. Most importantly, counties, not the State, pay the salary of general sessions judges. Id. at § 16-15-5006. In litigation arising from the performance of state duties, the Code provides for representation of state employees but limits "state employees" to state officials whose compensation is paid by the State. Tenn. Code Ann. §§ 8-42-101(3)(A), 8-42-103 (2005). Since counties pay sessions judges, the State generally does not provide representation for sessions judges in litigation. See, e.g., Bryant v. Blanton, 463 F. Supp. 155 (W.D. Tenn. 1979); Graham v. Gen. Sessions Court, 157 S.W.3d 790 (Tenn. 2004); State ex rel. Winstead v. Moody, 596 S.W.2d 811 (Tenn. 1980).

Furthermore, Tennessee case law clearly places responsibility for general sessions courts on counties. In 1960, the Tennessee Supreme Court first addressed the issue of whether a sessions judge was a state or county office, finding the General Sessions Judge of Sumner County to be a county office. See Durham v. Dismukes, 333 S.W.2d 935, 938-39 (Tenn. 1960). In support of its conclusion, the Durham court noted that the county paid the judge's salary, the

3

duties of the judge applied only to the people of that county, and the act creating the sessions court did not show any intent to expand the court's jurisdiction beyond county lines. See id. at 938. Regarding which entity paid the judge's salary, the court stated that "[t]he primary badge of a State officer is that the Legislature provide that the State pay the salary of the office." Id. The court felt that county judges and inferior courts were primarily local courts even if they had some jurisdiction over certain state matters, unless the legislature had determined to make them a state court. See id. at 939.

Plaintiffs contend that Durham is inapplicable because it concerned a general sessions court created by private act in 1949 and was only applicable to Sumner County, whereas the modern sessions courts, including the Hardin County General Sessions Court, were created by general state statute in 1960. However, in cases well after 1960, the Tennessee Supreme Court reaffirmed the Durham conclusion that a general sessions judge was a county officer. See State v. Morrow, 75 S.W.3d 919, 922 (Tenn. 2002) ("A court of general sessions is a county court."); Moody, 596 S.W.2d at 813-14 (finding the office of a general sessions judge to be a county office). Moreover, on a question of law certified from the U.S. District Court for the Middle District of Tennessee, the Tennessee Supreme Court upheld Durham and applied the same analysis in determining that Tennessee sheriffs were county officers. See Spurlock v. Sumner County, 42 S.W.3d 75, 79 (Tenn. 2001).

For the foregoing reasons, this court finds that Hardin County, not the State of Tennessee, is responsible for the Hardin County General Sessions Court.

Regarding accountability for the appointment of a sign language interpreter, Tennessee law vests responsibility in the court, not the assistant district attorney, to appoint an interpreter

4

for a deaf person who is a party to a court proceeding. Tenn. Code Ann. § 24-1-211(b)(1) (2005).

Thus, the general sessions court alone is accountable for providing an interpreter. Since this court

has found that the State of Tennessee is not liable for the Hardin County General Sessions Court,

defendant's motion to dismiss is GRANTED.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

DATE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in
case 1:05-CV-01046 was distributed by fax, mail, or direct printing on
August 3, 2005 to the parties listed.

---

William Jackson Brown
WILLIAM BROWN & ASSOCIATES
23 N. Ocoee St.
P.O. Box 1001
Cleveland, TN 37364--100

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

John D. Stevens
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

William J. Marett
STATE ATTORNEY GENERAL'S OFFICE
P.O. Box 20207
Nashville, TN 37202--020

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Brandon O. Gibson
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT